(46 Misc. Rep. 492.)

INDUSTRIAL & GENERAL TRUST, Limited, v. TOD et al.*

(Supreme Court, Special Term, New York County. February, 1905.)

SPECIAL JURY—INTRICATE QUESTIONS.

An action for damages to a holder of railroad bonds for breach of an agreement as to reorganization of the road, under which he deposited his bonds, the measure of damages depending on the value of the road with its various appurtenances as a going concern, involves questions of intricacy authorizing a trial by special jury, under Laws 1901, p. 1465, c. 602, § 5.

Action by the Industrial & General Trust, Limited, against J. Kennedy Tod and another. Defendants move for trial before a special jury. Motion granted.

See 73 N. E. 7; 93 N. Y. Supp. 725.

Stephen H. Olin (Austen G. Fox, of counsel), for defendants.
Samuel Untermyer, for plaintiff.

BISCHOFF, J. In my opinion the questions to be determined upon the trial of this action are of a character sufficiently intricate to call for the granting of this motion for trial before a special jury. Laws 1901, p. 1465, c. 602, § 5. Whether the application be made under this statute or under section 1063 of the Code of Civil Procedure, the "importance or intricacy" of the case may be asserted

*Affirmed in 92 N. Y. Supp. 1129.

as ground for the exercise of the court's discretion; and assuming, as the plaintiff contends, that the amount involved (over $600,000) does not make the case one of "importance," because affecting no matter of public concern, "intricacy" is none the less present, and, as I think, to an extraordinary degree. The action is for damages for breach of contract, the controversy having arisen between a bondholder and the members of a committee engaged in an endeavor to reorganize the railroad property upon which the bonds were a charge. Through their departure from the terms of the agreement under which the plaintiff deposited its bonds, for the purposes of the reorganization, the defendants have incurred a liability the measure of which depends upon the jury's estimate of the actual value of this railroad "as a going railroad, 119 miles long, with land, depots, rolling stock, wharves, and appurtenances, * * * and it was for the jury to estimate the value of the bonded property according to their sound judgment, and draw the proper inference as to the proportionate amount that the plaintiff should recover in order to make good the loss it had sustained." Industrial & Gen. Trust v. Tod, 180 N. Y. 215, 73 N. E. 7. If the finding of damage is to be based upon inference, rather than surmise and conjecture, the jury's equipment of intelligence and of practical business experience should be of the best which any established method of selection may secure in the interests of substantial justice. Indeed, to grasp the facts and make a fairly intelligent estimate of the values involved, each juror should have much of the capacity for financial analysis which a successful reorganizer of railroad properties may be deemed to possess, and, without prolonging the discussion, it is obvious that the extraordinary, rather than the ordinary, procedure available for the choice of a jury will tend to provide the more adequate equipment of the tribunal of fact.

Motion granted, with costs.